IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

WESTERN DISTRICT—PITTSBURG 1871.

### McAboy *versus* Johns & Wife.

1. A purchaser agreed to pay a wife $500 if she would execute a deed for land sold by her husband; she executed the deed. *Held*, that she could recover the money from the purchaser.

2. The contract between the purchaser and the wife was that he was to give her a writing for the payment of the money. He gave her a paper which she could not read and represented that it contained the contract; she thereupon executed the deed. The paper did not contain the verbal agreement. *Held*, that she might recover on the verbal promise.

October 5th 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county*: No. 42, to October and November Term 1870.

On the 30th of October 1868, Mordecai Johns and Sarah his wife in her right, brought an action of assumpsit against L. R. McAboy to recover the sum of $500, which Mrs. Johns alleged the defendant had promised to pay her for executing a deed conveying to H. L. Bollman land belonging to her husband. The cause was tried May 10th 1869, before Sterrett, P. J.

From the evidence in the case, it appeared that a contract in which the defendant was in some way interested, had been made by the husband to sell a farm in Butler county to Bollman. The deed was prepared and executed by the husband about February 1868; Mrs. Johns was then asked to sign the deed; she refused to do so unless the defendant would pay her $500. After some

(9)

negotiation the defendant prepared, signed and delivered to Mrs. Johns an agreement as follows:—

"I agree with Mrs. Sarah Johns to hold for her benefit the first judgment on the records of Allegheny county against Mordecai Johns, for a sum not less than five hundred dollars, the value in the same being her property, and I bind myself and my heirs, executors or assigns to make the transfer of the same upon 30 days' notice.

"Witness my hand and seal this February 12th 1868.

"L. R. McABOY. [L. S.]"

She then signed and acknowledged the deed.

Mrs. Johns gave evidence that the defendant promised to pay her $500 if she would sign the deed; that she could not read the paper; it was not read nor explained to her; that the defendant misrepresented to her its contents, leading her to believe that it contained a promise to pay the $500, and that she would receive the money upon presenting the paper; that he frequently afterwards recognised his obligation to pay her the $500, and promised to pay her. She gave evidence also that in the next summer she consulted counsel in the matter, who told her what the paper was, and that it was of no value to her; she then took it to the plaintiff and left it with him, telling him that he had deceived her, and that it was not what she had expected to receive; he said he could not do anything more or better. The defendant gave evidence in contradiction of the plaintiff's evidence—that the paper contained the terms of the agreement with Mrs. Johns, and that it had been read and explained to her before she executed the deed; he gave evidence also to show that her husband was very much in debt, and in failing circumstances.

The defendant's 2d, 4th and 5th points, with their answers, are as follows:—

2d point. "If the jury believe that Mrs. Johns, the plaintiff, signed the deed upon the faith of the paper dated February 12th 1868, even though they should also believe that she was mistaken or purposely misled as to the contents of said paper by the defendant, and that her signature to said deed was procured through fraud and misrepresentation on part of defendant, she has misconceived her remedy for said injury, and cannot recover for the same in this action."

Answer: "This point is refused: the law is the reverse of this. If you find the facts to be as stated in this point, the plaintiff is not bound by the paper of February 12th 1868, and may recover if you find that the plaintiff signed the deed upon the faith of a promise by defendant to pay her $500 for doing so. The facts are all for you."

4th point. "If the jury believe that the defendant handed to

[McAboy v. Johns.]

Mrs. Johns, the plaintiff, his written promise to her, in consideration of her signing the deed, before she did sign the deed, even though he did not read the same or state the contents thereof to her, that it was Mrs. Johns's duty, if she did not understand the said agreement, or know the contents thereof, to demand an explanation of the same, and if she then neglected so to do, she cannot now allege she was mistaken as to the same."

Answer: "This point is affirmed, with this explanation. If the agreement of the parties was that defendant would pay her $500 for signing the deed, and was to give her a writing to that effect, and if the paper of February 12th 1868 was written and handed to her without any explanation by defendant, but under such circumstances as were calculated to induce the plaintiff to believe and she did believe that it contained a promise to pay her $500, according to previous understanding of the parties, and she returned the paper within a reasonable time after discovering that it was not such a paper as she was led to believe it was, she is not bound by it, and may recover on the verbal agreement."

5th point. "The agreement of defendant, dated February 12th 1868, to hold, for the benefit of Mrs. Johns, the plaintiff's judgments against Mr. Johns, her husband, to the amount of $500, is perfectly legal and binding, and that upon judgments [so held execution could be issued, the property of the husband sold, and the proceeds of sale would belong to Mrs. Johns."

Answer: "This point is affirmed, with this qualification. If the husband of the plaintiff was insolvent or in failing circumstances, and his money was to be used to buy a judgment against himself, to be held for his wife's use, the creditors of the husband could interpose and perhaps defeat the claim of the wife to the proceeds of an execution issued upon the judgment so held."

The verdict was for the plaintiff for $555.25.

The defendant took a writ of error, and assigned the answers to his points for error.

*D. T. Watson* (with whom were *R. & S. Woods*), for plaintiff in error.—As an estoppel must be mutual: Co. Lit. 352 a; as a married woman could not be bound by her agreement, the defendant could not be estopped to deny that he had made representations different from the paper: Morrison *v.* Wilson, 13 California 194; Jackson *v.* Vandreheyden, 17 Johns. 167; Glidden *v.* Strupler, 2 P. F. Smith 400; Keen *v.* Coleman, 3 Wright 299. Mrs. Johns should have read the paper; her injury results from her own negligence: 1 Story Eq. Jur., § 200. The wife had the right to receive the $500 for executing the deed, although in the shape of a judgment against her husband: Keller *v.* Michael, 2 Yeates 300; Eberle *v.* Fisher, 1 Harris 526.

*A. Blakeley*, for defendants in error.

[McAboy *v.* Johns.]

The judgment was affirmed, October 16th 1871,
PER CURIAM.